UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LINDA LOUISE OGLESBY,<br><br>    Plaintiff,<br><br>v.<br><br>CAREFREE HEALTH SERVICES, INC.<br>d/b/a CLEARCHOICE HEALTH,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO.   3:17-cv-00117<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes LINDA LOUISE OGLESBY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CAREFREE HEALTH SERVICES, INC. d/b/a CLEARCHOICE HEALTH ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a 68 year-old natural person residing in the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant solicits consumers to provide them with home delivery services of medical supplies and has a headquarters located at 115 Avenue L, Delray Beach, Florida. Defendant regularly conducts business with consumers located in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In approximately January 2017, Defendant started calling Plaintiff's cellular phone, (812) XXX-7058, with attempts to solicit her to utilize its services.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 7058. Plaintiff is and has always been financially responsible for the cellular phone and its services

11. Chiefly, Defendant offered Plaintiff the ability to receive knee and back braces through it.

12. Defendant has most often called Plaintiff's cellular phone mainly using the phone number (855) 973-1222 but has used other numbers as well.

13. Upon information and belief, the phone number ending in 1222 is regularly utilized by Defendant during its solicitation activity.

14. When answering calls from Defendant, Plaintiff most often experiences a noticeable pause, lasting several seconds in length. Plaintiff often has to say "hello" several times before Defendant speaks.

15. On more than one occasion, Plaintiff has told Defendant that she was not interested in its services and to stop calling.

16. Despite Plaintiff's demands, Defendant has continued to call her.

17. When Plaintiff misses a call from Defendant, she often calls back and is greeted with an automated message. She has gone through the automated prompts to speak with a live representative.

18. Defendant has represented to Plaintiff that it will stop calling only to continue with its conduct in pursuit of solicitation.

19. Plaintiff has received consistent calls from Defendant throughout 2017. Defendant has called her at least 20 times since being told to stop.

20. Overwhelmed and concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $40.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable several second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant's is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

27. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Although she may have originally given consent for Defendant to call her cellular phone, such consent was withdrawn by Plaintiff's multiple demands to stop. Defendant's conduct was systematically designed to ignore Plaintiff's requests.

28. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LINDA LOUISE OGLESBY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

32. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a

5

supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

33. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

34. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

35. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

36. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation calls, Defendant has used an ATDS to relentlessly harass Plaintiff. Defendant was specifically notified by Plaintiff that she wanted the calls to stop. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to solicit her business.

37. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

38. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

39. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500),

      whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41. Defendant's conduct is part of an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notice that Plaintiff did not wish to be contacted, and refused to abide by those notices, evidenced by calling Plaintiff's phone *at least* 20 times after he demanded that it stop, further highlights that its behavior is incurable.

42. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

43. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 19 through 23, Plaintiff has suffered numerous damages as a result of Defendant's unlawful solicitation practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LINDA LOUISE OGLESBY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

   c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

   d. Enjoining Defendant to cease contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2017                                                       Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Indiana | Admitted in the Southern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Avenue, Suite 200 | 2500 South Highland Avenue, Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 630-568-3056 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |